**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOHN HARRIS, | : | |
| | : | Civil Action No. 09-6109 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| SOMERSET COUNTY SUPERIOR COURT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    John H. Harris, <u>Pro Se</u>
    P.O. Box 8331
    Somerville, NJ 08876

**WOLFSON**, District Judge

    Plaintiff John Harris, confined at the Somerset County Jail in Somerville, New Jersey at the time he submitted this complaint, seeks to bring this action <u>in forma pauperis</u>. The complaint was originally administratively terminated for failure to pay the filing fee or submit a complete <u>in forma pauperis</u> application. However, Plaintiff has submitted an application and the case has been reopened. Based on Plaintiff's affidavit of indigence, the Court will grant the application to proceed <u>in forma pauperis</u> and direct the Clerk of the Court to file the complaint.

Having reviewed the petition to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the complaint should be dismissed.

## **BACKGROUND**

Plaintiff names Somerset County Superior Court, Judge Paul Armstrong, Wayne Forest of the Somerset County Prosecutor's Office, and the Somerset County Jail as defendants in this action. He claims that he was arrested on February 9, 2009 for "conspiracy to possess," was given "ROR," and was released. On February 23, 2009, he was again arrested for "possession," given "ROR" and released. Finally, on March 13, 2009, he was arrested for "possession" and incarcerated at the Somerset County Jail. On July 10, 2009, Plaintiff signed a plea agreement for a maximum of 270 days for all three arrests. He was sentenced on August 28, 2009, after having been in jail for 168 days. He was given 168 days credit against one indictment, but only one day credit for each of the two subsequent indictments. Plaintiff asserts that according to the plea, he was supposed to be sentenced to all three indictments as a whole, having all credits applied as "one uniform amount equally." Accordingly, Plaintiff states that his actual sentence resulted in being incarcerated past the time he was supposed to be released.

Plaintiff asserts that defendant Wayne Forest engaged in prosecutorial misconduct in the handling of his case and his

plea.  He also claims that defendant Judge Armstrong "exaggerated" the charges so that they proceeded in the Superior Court instead of municipal court as misdemeanors.  He contends that the cooperation between the judge and the prosecutor constitutes a violation of the RICO statutes.

Plaintiff also complains of the conditions of his confinement.  He states that he had continuous back pain due to sleeping on a substandard pad instead of a mattress, it was difficult to get Motrin for his pain, he contracted medical problems because of the unsanitary conditions at the jail, he had to live in the gym when the pod was being worked on, and sleeping on the gym floor further aggravated his back and caused him other problems.  When he refused to relocate, presumably to the jail gym, he was placed in disciplinary segregation, and was strip searched.  He contends that he was mistreated, humiliated, and restrained unreasonably.  Plaintiff was also put in a "holding tank," which had substandard conditions.  Plaintiff then generally states that the County of Somerset and the Somerset County Jail are poorly managed and focused on profit, and that when he took the plea agreement, he did so believing that with the proper application of his jail credits he would have received time served.

Plaintiff seeks to be released from custody, that the charges be dropped, monetary relief, and other relief.

**DISCUSSION**

**A.    Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915A, because plaintiff is a prisoner.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  See Fowler, 2009 WL 2501662 at *5.  Now, after Iqbal, the Third Circuit requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50].

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

>     Second, a District Court must then determine whether the
>     facts alleged in the complaint are sufficient to show that
>     the plaintiff has a "plausible claim for relief." [Id.]  In
>     other words, a complaint must do more than allege the
>     plaintiff's entitlement to relief.  A complaint has to
>     "show" such an entitlement with its facts.  See Phillips,
>     515 F.3d at 234-35.  As the Supreme Court instructed in
>     Iqbal, "[w]here the well-pleaded facts do not permit the
>     court to infer more than the mere possibility of misconduct,
>     the complaint has alleged-but it has not 'show [n]'-'that
>     the pleader is entitled to relief.'"  Iqbal, [129 S. Ct. at
>     1949-50].  This "plausibility" determination will be "a
>     context-specific task that requires the reviewing court to
>     draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

>     Every person who, under color of any statute,
>     ordinance, regulation, custom, or usage, of any State
>     or Territory ... subjects, or causes to be subjected,
>     any citizen of the United States or other person within
>     the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Complaint Will Be Dismissed.**

   1.   Request for Release and Dropping of Charges.

   Plaintiff asks this Court to order his release and to order that all charges against him be dropped or downgraded to misdemeanors.

   In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to

compel restoration of the credits, which would have resulted in their immediate release. See 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. See 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

9

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner who was seeking compensatory and punitive damages and challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the

10

challenged judgment, in that case, the disciplinary finding and punishment.  See 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'"  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Based on the foregoing, Plaintiff's request for release from confinement is unavailable as a remedy since the underlying convictions and sentence have not been otherwise invalidated.  Likewise, his request for monetary damages must be dismissed.

2.   Conditions Claims

Plaintiff's claims concerning the conditions of his confinement must also be dismissed.  The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  The Eighth Amendment proscription against cruel and unusual

11

punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well-settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. See id. at 347.

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent

to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303. An inmate may fulfill the subjective element of such a claim by alleging facts indicating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

In this case, Plaintiff has not alleged facts indicating that there was a substantial risk of harm to his health or safety because of conditions in the jail. During Plaintiff's confinement he notes that he had some medical problems concerning back pain, as well as other pain from sleeping on the jail-issued mats, as well as for the time he had to spend in the jail gymnasium. He also asserts that he contracted skin abscesses due to unsanitary conditions. However, Plaintiff notes that he was prescribed Motrin for his pain, and does not claim that he was not medically treated for his skin issues. Thus, while the conditions described by Plaintiff may not be considered "ideal," Plaintiff has not alleged sufficient facts, indicating that the conditions were serious, or posed harm to him in order to overcome the Iqbal standard to dismiss. As pled, Plaintiff has not alleged sufficient facts showing that he was deprived of food, clothing, shelter, sanitation, medical care, or personal

13

safety; rather he has failed to show, in this pleading, that he has a "plausible claim for relief." Iqbal, 129 S. Ct. at 1949-50.  Therefore, Plaintiff's conditions of confinement claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and an amended complaint, if he can assert well-pleaded factual allegations to show that his conditions of confinement claim is "plausible."  Id.  Furthermore, Plaintiff must name a proper defendant, as outlined in the next section of this Opinion below.

    3.   Claims Against Court, Judge, Prosecutor, and Jail.

Furthermore, Plaintiff has not named proper defendants in this case.  Plaintiff's claims against the Superior Court of New Jersey cannot be recognized under § 1983 since a court is not a "person" subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). Since the court is not a proper defendant to this action, all claims against this defendant should be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

Additionally, Plaintiff names Judge Armstrong as a defendant in this case.  However, judges are immune from suit under § 1983

14

when they act in their official judicial capacity. See <u>Mireles v. Waco</u>, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity). Also, as to the County Prosecutor named by Plaintiff, Wayne Forest, "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.[3] <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993). See also <u>Burns v. Reed</u>,

---

[3] This Court notes that Plaintiff has named the actual County Prosecutor as defendant in this matter. Given defendant Forest's high-ranking position in the county prosecutor's office, it is unlikely that he was the actual person who prosecuted Plaintiff. As such, defendant Forest will also be dismissed from this action, as "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

If Plaintiff seeks to sue defendant Forest in his official capacity as the county prosecutor, that claim will also be dismissed, as, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).

15

500 U.S. 478, 490 n.6 (1991)(noting that "there is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries").[4]

Here, the allegations of wrongful conduct include only actions taken by the judge in his judicial capacity, and those taken by a prosecutor within the scope of his or her duties as an advocate for the state.  Accordingly, these defendants are entitled to absolute immunity for those actions, and will be dismissed from this case.

Finally, the Somerset County Jail is not a proper defendant in a § 1983 case and must be dismissed.  See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D.

---

[4] A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).

Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed as to all defendants. Plaintiff may file a motion to reopen to file an amended complaint concerning his conditions of confinement claims, in accordance with this Opinion and the attached Order.

An appropriate order accompanies this Opinion.


                                            s/Freda L. Wolfson
                                            FREDA L. WOLFSON
                                            United States District Judge

Dated: October 29, 1010